**NOT PRECEDENTIAL**

UNITED STATES COURT OF APPEALS
FOR THE THIRD CIRCUIT
_____

Nos. 12-2207 and 12-2968
_____

MARY CATHERINE BAUR,
Appellant

v.

ELIZABETH CRUM; TOM HINES;
KAREN J. WERTHEIMER; DAVID A. CICOLA;
TODD SEELIG; DEPARTMENT OF LABOR & INDUSTRY
_____

On Appeal from the United States District Court
for the Eastern District of Pennsylvania
(D.C. Civil Action No. 08-cv-01222)
District Judge:  Honorable C. Darnell Jones, II
_____

Submitted Pursuant to Third Circuit LAR 34.1(a)
April 17, 2013

Before:  SLOVITER, GREENAWAY, JR. and NYGAARD, Circuit Judges

(Opinion filed: April 17, 2013)
_____

OPINION
_____

PER CURIAM

Mary Catherine Baur, proceeding pro se, appeals from the District Court's orders granting summary judgment in favor of the Defendants in her employment discrimination lawsuit.  We will affirm.

In February 1996, Baur began working as an Attorney Examiner in the Bureau of Workers' Compensation Office of Adjudication at the Pennsylvania Department of Labor and Industry (L&I). Over the course of the next decade, Baur filed several discrimination complaints with the Equal Employment Opportunity Commission, the Pennsylvania Human Relations Commission, and the Civil Service Commission. In September 2006, Baur reported that she had been the victim of workplace violence, citing at least four choking incidents by different coworkers. When L&I's workplace violence coordinators interviewed Baur, they became concerned about her behavior. As a result, L&I instructed Baur to schedule an Independent Psychological Examination (IPE). Baur refused, and was terminated.

In March 2008, Baur filed a complaint in the United States District Court for the Eastern District of Pennsylvania against L&I and several of its employees, alleging gender discrimination, retaliation, and creation of a hostile work environment under Title VII of the Civil Rights Act of 1964, and 42 U.S.C. § 1983. After extensive discovery, the Defendants moved for summary judgment. The District Court concluded that: (1) Baur's § 1983 claim for retaliatory acts that occurred before March 2006 was time-barred, see O'Connor v. City of Newark, 440 F.3d 125, 127-29 (3d Cir. 2006); (2) Baur failed to meet her burden on her § 1983 claim for retaliatory acts that occurred after March 2006 because she did not establish a causal connection between her protected activity and the adverse actions, see Hill v. Borough of Kutztown, 455 F.3d 225, 241 (3d Cir. 2006); (3) several of Baur's Title VII gender discrimination claims were unexhausted, see Antol v. Perry, 82 F.3d 1291, 1295-96 (3d Cir. 1996); (4) with respect to the exhausted Title VII

2

gender discrimination claim, Baur failed to establish a prima facie case under <u>McDonnell Douglas Corp. v. Green</u>, 411 U.S. 792, 802-04 (1973); and (5) Baur failed to meet her burden under <u>McDonnell Douglas</u> with respect to her Title VII retaliation claims, <u>see</u> <u>id.</u> For these reasons, the District Court granted the Defendants' motion for summary judgment as to these claims. The District Court withheld summary judgment as to Baur's remaining claims—her § 1983 gender discrimination claim and Title VII hostile work environment claim, explaining that, although there did not appear to be sufficient evidence to support these claims, the Defendants had not adequately addressed them in their brief. Following additional briefing, the District Court entered judgment in favor of the Defendants on those claims as well. This appeal followed.

We have jurisdiction over this appeal pursuant to 28 U.S.C. § 1291. We exercise plenary review over the District Court's decision granting summary judgment, using the same standard applied by the District Court. <u>See</u> <u>Doe v. Luzerne Cnty.</u>, 660 F.3d 169, 174 (3d Cir. 2011).

The Defendants urge this Court to dismiss this appeal because Baur has failed to comply with the Court's standard briefing requirements. <u>See</u> Fed. R. App. P. 28(a)(9). According to the Defendants, Baur's brief is so deficient that she has waived her right to appellate review. While we agree that Baur's brief is lacking, we decline to deem her arguments waived because we can easily dispose of them on their merits.

The District Court conducted a thorough review of the voluminous record, and issued a detailed and cogent opinion discussing Baur's claims. For essentially the reasons stated by the District Court, we agree that the Defendants were entitled to

summary judgment.  We have considered Baur's arguments on appeal, and conclude that she has not directed us to any error that undermines our confidence in the District Court's decision.  In particular, we note that, while her primary complaint appears to be that the District Court generally improperly credited the Defendants' evidence over her own, we agree with the District Court that she failed to come forth with evidence establishing genuine issues of material fact with respect to her claims.

Accordingly, we will affirm the District Court's orders granting the Defendants' motion for summary judgment.